UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EBONYE WILSON | CIVIL ACTION NO. 25-cv-926 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DISTRICT ATTORNEY OFFICE CITY OF SHREVEPORT ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Ebonye Wilson ("Plaintiff"), who is self-represented, filed this civil action against the District Attorney's Office, DA James Stewart, the Shreveport Police Department, and ADA Jason Waltman. Plaintiff alleges that she was arrested for second-degree murder in 2020, posted bond in 2021, and saw her charges dismissed in January 2025. Plaintiff states that the amount in controversy is over $5,000,000. For the reasons that follow, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### Authority to Review Complaint

Plaintiff was granted leave to proceed in forma pauperis in this action. The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and

pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

**Review of the Complaint**

Plaintiff filed this civil action on a form designed for filing a Complaint for a Civil Case. The form explains in Section II that federal courts are courts of limited jurisdiction. Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. The form explains that a case arising under the United States Constitution or federal laws is a federal question case. A case in which a citizen of one state sues a citizen of another state and the amount at issue is more than $75,000 is a diversity of citizenship case.

The form, after explaining these requirements, asks the plaintiff to check a box to indicate the basis for federal court jurisdiction. Plaintiff checked neither federal question

---

[1] Even if the plaintiff is not proceeding IFP, a district court may dismiss an action on its own motion as long as the procedure employed is fair. The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), citing Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

nor diversity of citizenship. The form then asks the filer to complete the paragraphs that apply to the case. The next paragraph is titled: "If the Basis for Jurisdiction is a Federal Question." It instructs the filer to list the specific federal statutes or constitutional provisions at issue. Plaintiff left this section blank.

The next paragraph states that it is applicable: "If the Basis for Jurisdiction is Diversity of Citizenship." Plaintiff completed this section by stating that she is a citizen of Louisiana. She also listed defendants James Stewart and the City of Shreveport, both of which she identified as Louisiana citizens. The amount in controversy was listed as $5,000,000.

Section III of the form asks the filer to write a short and plain statement of their claim. Plaintiff alleged that she was arrested in 2020 for second-degree murder and posted bond in 2021. She alleged that the lead detective wrote in his report that it was a justifiable homicide, meaning the arrest went against the detective's report. The charge was dismissed in January 2025.

Section IV asks the filer to state briefly what damages or other relief the plaintiff asks the court to order. Plaintiff complained that the charges against her have caused her to be jobless, homeless, and carless. "Malicious prosecution took place causing mental anguish and emotional distress" that prevented her from caring for her four children, caused depression and suicidal thoughts, and admission into the LSU hospital mental ward.

**Analysis**

A common basis for jurisdiction in civil cases is federal question jurisdiction pursuant to 28 U.S.C. § 1331. The well-pleaded complaint rule determines whether a

federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." Carpenter v. Wichita Falls ISD, 44 F.3d 362, 366 (5th Cir. 1995). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

The complaint form explained in plain language the need to indicate the basis for federal court jurisdiction. Plaintiff did not check the box for federal question jurisdiction, and she left blank the portion of the form that asked her to list the federal statutes or constitutional provisions at issue if the basis of jurisdiction is a federal question. Plaintiff's complaint does later refer to malicious prosecution, but that can be a state law tort or as a federal claim. Given that ambiguity and Plaintiff's lack of indication that federal question is a basis for the court to exercise jurisdiction, Plaintiff's single reference to malicious prosecution does not meet her burden of overcoming the presumption that this suit lies outside the federal court's limited jurisdiction.

Plaintiff did complete the portion of the complaint that applies if the basis for federal court jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff has a Shreveport address and stated in her complaint that she is a citizen of Louisiana. She also alleged that DA Stewart and the City of Shreveport are Louisiana citizens. Because both Plaintiff and at least one defendant are citizens of the same state, there is no basis for the exercise of diversity jurisdiction.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and she has not invoked federal question jurisdiction or clearly asserted a federal claim that would support the exercise of federal question jurisdiction. It is possible that she has asserted state law claims against her fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper state court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it. Her complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2025.

Mark L. Hornsby
U.S. Magistrate Judge